### GUINNESS et al. v. MILLER, Alien Property Custodian, et al., and six other cases.

(District Court, S. D. New York. June 23, 1923.)

Interest ⟨∞⟩55—Not recoverable on indebtedness from enemy alien to citizen during the war.

Interest is not recoverable on an indebtedness from an enemy alien to a citizen of the United States for the time during which intercourse between them was interdicted by Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), and the rule is not changed by the fact that the debtor had property in this country which the creditor might have attached, but did not.

In Equity. Suit by Benjamin Guinness and others, partners as Ladenburg, Thalman & Co., against Thomas Woodnutt Miller, as Alien Property Custodian, and others, with six other cases. Decrees for complainants.

Van Vorst, Marshall & Smith, of New York City (Alexander B. Siegel, of New York City, of counsel), for plaintiffs.

William Hayward, U. S. Atty., of New York City (Dean Hill Stanley, of Washington, D. C., of counsel), for defendants.

LEARNED HAND, District Judge. Nobody questions that between April 6, 1917, and July 14, 1919, it was not lawful for an American to hold communication with a German, or for a German to communicate with an American. It is clear, therefore, that the creditors could not have received interest or the debtors have paid it. This is as true, whether the Americans were debtors or creditors. It is, of course, obvious that this fact does not affect the profits of the debtor, who has had and enjoyed the money meanwhile, or the damage of the creditor who has been without it. If the case were res integra, it might be asked whether the inability of the debtor to pay was an adequate reason for changing the normal relations of the parties, especially if interest were payable secundum tenorem.

However, it was expressly ruled in Brown v. Hiatt, 15 Wall. 177, 21 L. Ed. 128, that a Kansan need not pay a Virginian interest reserved in a mortgage for the period of the Civil War, on the ground that while communication was interrupted it was impossible for him to pay. That case stands unmodified and must be taken as the rule till the Supreme Court changes it. This is especially true now, since the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.) was enacted after careful preparation, and, in accordance with the usual presumption, must be understood as adopting the decisions laid down in pari materia unless changed. I

---

⟨∞⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

do not feel justified therefore in undertaking any independent inquiry on the subject.

The plaintiffs do indeed seek to distinguish, because here the debts were due before war broke out, while in Brown v. Hiatt, supra, the debt fell due after April 27, 1861, when the blockade became effective. This is however of not the slightest moment, since in either case those considerations apply which were the basis of the rule. It is as little possible for the debtor to pay after war breaks out in one case as the other. Interest runs de die in diem and is due only for the delay in payment during the period in which it accrues. The fact that it once starts running cannot affect the debtor's inability to pay during the interdiction.

Nor does it make a difference whether the enemy have funds capable of attachment. He can hardly be charged with interest because the creditor has not chosen to seize his goods. The reason for the rule is the supposed injustice of penalizing a debtor because he has not done an impossibility, and it applies quite as much whether or not his property was subject to proceedings in rem. Payment lay with the creditor, not him. Hence the rule must work either way.

An entirely different situation was presented in Robertson v. Miller, 286 Fed. 503 (C. C. A. 2), which apparently recognized the rule in Brown v. Hiatt, supra, though the case was not cited. There the enemy had property within the United States in the hands of an agent who had full power to act for him. This was taken to avoid the rule, because it was not unlawful for that agent to pay, and the enemy was charged with his neglect.

The period of cesser will, however, not extend beyond July 14, 1919, when payments became lawful.

Settle decrees in accordance with the foregoing.